IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00912-REB-MEH

TINA GARCIA,

    Plaintiff,

v.

BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA,

    Defendant.

---

**ORDER DENYING MOTION FOR REMAND**

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiff's Motion for Remand for Lack of Subject Matter Jurisdiction [filed May 17,2 010; docket #14]. The matter is referred to this Court for disposition. (Docket #15.) The motion is fully briefed, and oral argument would not assist the Court in its adjudication. For the following reasons, the Court **DENIES** Plaintiff's motion.

**I.**     **Background**

Plaintiff initiated this action in the District Court for Arapahoe County, Colorado on April 16, 2010, alleging Defendant owes Plaintiff payments pursuant to a "'Limited Edition' Executive Income Replacement Disability Policy." (*See* dockets ##1-2, 1-7.) In her Amended Complaint, Plaintiff requests numerous items of equitable relief, including "preliminary and permanent injunctive relief restraining and enjoining Defendant Berkshire from suspending or withholding benefits due the Plaintiff" for as long as she is certifiably disabled and dated from October 1, 2009, which is the date that Plaintiff asserts Defendant began wrongfully suspending and withholding payments. (Docket #1-7 at 6.) Plaintiff contends that Defendant, pursuant to the policy at issue, is

obligated to pay her "a $5,530.00 monthly indemnity." (*Id*. at 3.) Plaintiff represents that Defendant suspended seven months of benefits "currently equal to $38,710." (*Id*.)

Defendant removed this case to federal court on April 22, 2010, asserting diversity jurisdiction pursuant to an amount in controversy "in an amount substantially in excess of $75,000.00" and diversity of citizenship between Plaintiff, a citizen of the State of Colorado, and Defendant, a citizen of the Commonwealth of Massachusetts. (Docket #1 at 3-4.) Defendant relies upon the allegations within Plaintiff's Amended Complaint and request for injunctive relief to suggest the amount in controversy is at least "just under $575,000.00," after calculating the present value of benefits until age 65. (*Id.* at 5.) Defendant also identifies Plaintiff's statutory Offer of Settlement filed in state court in the amount of $1,119,300.00 in support of removal. (*Id*.; *see also* docket #1-15 at 1.)

In her motion for remand, Plaintiff asserts this matter lacks complete diversity and an adequate amount in controversy. (*See* docket #14 at 1.) Defendant counters, claiming diversity and the $75,000 threshold is met. For the following reasons, the Court agrees with Defendant.

**II.     Legal Standard**

To be removable, a civil action must satisfy the requirements for federal jurisdiction. 28 U.S.C. § 1441(a). Federal jurisdiction in the instant removal action is premised on diversity of citizenship under 28 U.S.C. § 1332. (Docket #1 at 2-3 (Notice of Removal).) "The courts must rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998) (citation omitted). The presumption is therefore "against removal jurisdiction." *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995). As the party invoking federal court jurisdiction, Defendant bears the burden of establishing that the requirements of diversity jurisdiction are present by a

preponderance of the evidence. *McPhail v. Deere & Co.*, 529 F.3d 947, 954-55 (10th Cir. 2008). "Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." *Laughlin*, 50 F.3d at 873. Where uncertainties exist regarding the Court's jurisdiction, those uncertainties are resolved in favor of remand. *Martin v. Franklin Capital Corp.*, 251 F.3d 1294, 1290 (10th Cir. 2001); *see also Laughlin*, 50 F.3d at 873 ("[T]here is a presumption against removal jurisdiction.").

**III.    Analysis**

   *A.    Complete Diversity of Citizenship*

Plaintiff relies on Colo. Rev. Stat. § 10-12-403 for the proposition that Plaintiff, as an insured, is a voting member of Defendant, and such membership ruins diversity as Defendant "shares the citizenship with each policy owner." (Docket #14 at 3.) Plaintiff contends that an "exception" identified within Section 1332(c)(1) of 28 U.S.C. applies here, because the lawsuit is "a direct action on a contract of liability insurance." (*Id.*)

Defendant asserts that diversity of citizenship is met because Defendant is incorporated and has its principal place of business in the Commonwealth of Massachusetts and Plaintiff is a citizen of and resides in Colorado. (Docket #20 at 2.) Defendant represents that Plaintiff misstates the law embodied in Section 1332(c)(1), and the provision "does not apply to the present situation where the insured herself is suing her insurance company." (*Id.* at 3.)

Diversity jurisdiction requires both complete diversity of the parties and an amount of controversy in excess of $75,000. 28 U.S.C.A. § 1332(a) (West 2010). Complete diversity means "no plaintiff may be the citizen of a state of which any defendant is also a citizen." *Cameron v. State Farm Mut. Auto Ins. Co.*, No. 10-cv-00699-PAB, 2010 WL 1413174, at *3 (D. Colo. Apr. 2, 2010) (citation omitted). For individuals, "state citizenship is the equivalent of domicile." *Crowley*

3

*v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983). "A corporation, however, is deemed to be a citizen of any State in which it has been incorporated and, if different, the state in which it has its principal place of business." *Powers v. Allstate Motor and Cas. Ins. Co.*, No. 10-cv-00977-WYD-KLM, 2010 WL 2270182, at *1 (D. Colo. June 7, 2010) (citing 28 U.S.C. § 1332(c)(1)).

Section 1332(c)(1) of 28 U.S.C. codifies the following definition for the citizenship of a corporation, for diversity jurisdiction purposes:

> [A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business . . .

The phrase at issue, "in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen," is generally referred to as the "direct action exception." *See Powers*, 2010 WL 2270182 at *2. "The overwhelming weight of authority, including several cases from this District Court and the Tenth Circuit, hold that actions by an insured against his or her own insurer are not direct actions within the meaning of § 1332(c)(1)." *Id.* (citing *e.g.*, *Henry v. Wausau Business Ins. Co.*, 351 F.3d 710, 713 (6th Cir. 2003); *McGlinchey v. Hartford Acc. and Indem. Co.*, 866 F.2d 651, 652-53 (3d Cir. 1989); *Tuck v. United States Auto Ass'n*, 859 F.2d 842, 847 (10th Cir. 1988), *cert. denied*, 489 U.S. 1080 (1989); *Julius v. Metropolitan Cas. Ins. Co.*, No. 07-cv-02460-WDM-CBS, 2008 WL 1806134, at *3-4 (D. Colo. Apr. 21, 2008); *Long v. St. Paul Fire and Marine Ins. Co.*, 423 F. Supp. 2d 1219, 1223 (D. Kan. Apr. 6, 2006)). Section 1332(c)(1) applies to lawsuits seeking to impose liability against the insurer for the negligence of any party insured by the insurer. *Id.*; *see also Tuck*, 859

F.2d at 847. The direct action exception does not apply to a suit in which the insured is suing his or her own insurer for withholding benefits. *Id*.

Here, Plaintiff is the insured and sues her insurer for the suspension and withholding of disability benefits. Thus, the Court declines to apply the direct action exception as requested by Plaintiff, and instead evaluates diversity of citizenship based on Defendant's state of incorporation and principal place of business. Defendant represents to the Court that it is incorporated pursuant to the laws of the Commonwealth of Massachusetts and its principal place of business is in Pittsfield, Massachusetts. Plaintiff does not challenge this assertion. As evidence, Defendant points to paragraph three of Plaintiff's first Verified Complaint which recognizes Massachusetts as Defendant's place of incorporation (docket #1-2 at 1), the Certificate of Service included with Plaintiff's Verified Amended Complaint identifying Defendant's mailing address as Pittsfield, Massachusetts (docket #1-7 at 7), and an affidavit accompanying the Notice of Removal of Paul Cormier, a claims manager with Defendant, testifying that Defendant is incorporated under the laws of Massachusetts with its principal place of business in Massachusetts (docket #1-13 at 1). Accordingly, the Court accepts these undisputed facts and concludes that Defendant is, for purposes of diversity jurisdiction, a citizen of Massachusetts. As Plaintiff is a citizen of Colorado, complete diversity jurisdiction is satisfied.

### B. *Amount in Controversy*

Plaintiff believes that the amount in controversy requirement is governed by the discrete number identified in her Amended Complaint, in the amount of $38,710. (Docket # 14 at 4 (citing to docket #1 at 3 (Notice of Removal); *see also* docket #1-7 at 2, ¶ 8 (Am. Compl)).) Plaintiff asserts she makes this claim in good faith, concordant with Supreme Court jurisprudence, and Defendant failed to "produce any evidence in support of removal." (Docket #14 at 4.) Plaintiff

5

believes the amount of her offer of settlement is not admissible "to prove the amount of a claim as to validity or amount," pursuant to Fed. R. Evid. 408(a). (*Id*. at 5.)

In response, Defendant represents that Plaintiff, in her Amended Complaint, "demands both a preliminary and permanent injunction requiring [Defendant] to continue paying [Plaintiff] disability benefits prospectively." (Docket #20 at 4 (citing docket #1-7 at 6).) Defendant argues that this amount "will place in controversy much more than $75,000." (*Id*.) In support of this contention, Defendant points to an "Attending Physician's Statement" included with Plaintiff's motion for remand, indicating an expectation that Plaintiff's alleged impairment will continue for more than 12 months. (*Id*. (citing docket #14 at 12 (Statement by Dr. Muller)).) These twelve months of expected benefits, in addition to the seven months of back benefits demanded by Plaintiff, at a rate of $5,530 per month, equals $105,070. (*Id*.) Furthermore, Defendant contends that, as Plaintiff requests a permanent injunction "until her disability ends," her claim bears a present value of approximately $892,000. (*Id*. at 5 (calculation based on actuarial presumption of lifetime to age 80; Plaintiff is 54).) Defendant suggests Plaintiff "has not acted in good faith in alleging the amount in controversy," in light of the admissions in her court filings and in her communications with Defendant. (*Id*. at 6.)

"Where a plaintiff has not instituted suit in federal court, '[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court . . . .'" *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)); *Holladay v. Kone, Inc.*, 606 F. Supp. 2d 1296, 1298 (D. Colo. 2009). In a removed case, a defendant's claim that the amount in controversy meets the jurisdictional requirement of section 1332 does not enjoy a presumption of accuracy. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001). "The defendant

must affirmatively establish jurisdiction by proving jurisdictional *facts* that [make] it *possible* that $75,000 [is] in play." *McPhail*, 529 F.3d at 955. "A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." *Id*.

"In cases seeking declaratory and injunctive relief, 'the amount in controversy is measured by the value of the object of the litigation.'" *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006) (citation omitted). The Tenth Circuit follows the "either viewpoint rule," which "considers either the value to the plaintiff or the cost to the defendant of injunctive and declaratory relief as the measure of the amount in controversy for purposes of meeting the jurisdictional minimum." *Id*. (citation omitted). The amount in controversy is determined by the allegations of the complaint or, if the complaint is not dispositive, by the allegations in the notice of removal. *Martin*, 251 F.3d at 1290.

Here, in Plaintiff's "Prayers for Relief," Plaintiff does not request a discrete amount of damages but enumerates items of equitable relief, including "preliminary and permanent injunctive relief restraining and enjoining Defendant Berkshire from suspending or withholding benefits due the Plaintiff" for as long as she is certifiably disabled and dated from October 1, 2009, which is the date that Plaintiff asserts Defendant began wrongfully suspending and withholding payments. (Docket #1-7 at 6.) The Court need not look further than the prayer for relief and the doctor's statement included with Plaintiff's motion for remand to conclude Defendant proves, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. October 1, 2009, through the filing of Plaintiff's first Complaint in Arapahoe County District Court on April 16, 2010, is seven months. True, as Plaintiff alleges, seven months of benefits at $5,530 per month equals $38,710. However, Plaintiff's prayer for relief does not demand only back payments, but asks for benefits "as long as she is certifiably disabled." According to her treating physician, that amount

7

of time is at least twelve months from March 16, 2010. (*See* docket #14 at 12.) Thus, "the value of the object of the litigation," that is, insurance-based disability benefits from October 1, 2009, through April 16, 2010, and twelve months after March 16, 2010, amounts to nineteen months of benefits at $5,530, which equals $105,070.

Moreover, the Court finds it is permitted to incorporate Plaintiff's offer of settlement into its analysis, which bolsters the Court's conclusion that the amount in controversy exceeds $75,000. In *McPhail*, the Tenth Circuit directly addressed the use of a proposed settlement amount in the determination of an amount in controversy for jurisdictional purposes. 529 F.3d at 956. The *McPhail* Court agreed with a Ninth Circuit holding that concluded "it is permissible for a district court to consider settlement offers when deciding the jurisdictional question." *Id.* (citation omitted). The Tenth Circuit, distinguishing the use of an offer of settlement contemplated by Fed. R. Evid. 408 from the use of such offer in determining an amount in controversy, stated that "[t]he amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *Id.*

Here, Plaintiff, in a statutory Offer of Settlement, demanded $1,119,300 from Defendant, in exchange for the surrender of Plaintiff's "ownership rights and entitlements" to the policy at issue. (Docket #1-15 at 1.) Interestingly, Plaintiff represented that "[t]his offer is not to be construed as an admission that's [sic] damages were as little as the amount of this Offer." (*Id.*) The Court finds this demand indicates Plaintiff's assertion that the amount in controversy is limited to $38,710 was not made in good faith. The Court concludes that the amount in controversy exceeds $75,000, and Defendant permissibly removed this action from state court.

8

## IV. Conclusion

Accordingly, for the reasons stated above and the entire record herein, the Court **DENIES** Plaintiff's Motion for Remand for Lack of Subject Matter Jurisdiction [filed May 17,2 010; docket #14].

In addition, the Plaintiff may file a reply brief in support of her Motion for Preliminary Injunction **on or before July 21, 2010**. The Court will determine whether to schedule a hearing on the motion once the briefing is completed.

Dated at Denver, Colorado, this 6th day of July, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge