IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00912-REB-MEH

TINA GARCIA,

    Plaintiff,

v.

BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA,

    Defendant.

---

**ORDER GRANTING MOTION FOR SANCTIONS**

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Defendant's Motion for Sanctions Due to Plaintiff's Failure to Appear [filed August 24, 2010; docket #35]. The matter is referred to this Court for disposition. (Docket #36.) The motion is fully briefed, and oral argument would not assist the Court in its adjudication. For the following reasons, the Court **GRANTS** Defendant's motion.

**I.    Background**

Plaintiff initiated this action in the District Court for Arapahoe County, Colorado on April 16, 2010, alleging Defendant owes Plaintiff payments pursuant to a "'Limited Edition' Executive Income Replacement Disability Policy." (*See* dockets ##1-2, 1-7.) In her Amended Complaint, Plaintiff requests numerous items of equitable relief, including "preliminary and permanent injunctive relief restraining and enjoining Defendant Berkshire from suspending or withholding benefits due the Plaintiff" for as long as she is certifiably disabled and dated from October 1, 2009, which is the date that Plaintiff asserts Defendant began wrongfully suspending and withholding payments. (Docket #1-7 at 6.) Plaintiff contends that Defendant, pursuant to the policy at issue, is

obligated to pay her "a $5,530.00 monthly indemnity." (*Id*. at 3.) Plaintiff represents that Defendant suspended seven months of benefits "currently equal to $38,710." (*Id*.)

The action was removed from state court on April 22, 2010. The Plaintiff is proceeding *pro se*. On May 17, 2010, the Plaintiff filed a motion to remand the matter to state court. (Docket #14.) Upon motion by the Defendant, the Court vacated the Scheduling Conference originally set for June 14, 2010. (Docket #19.) Once the briefing on Plaintiff's motion to remand was completed, the Court denied the motion and set a briefing schedule on Plaintiff's pending motion for preliminary injunction. (Docket #27.) Plaintiff requested and, on July 28, 2010, was granted a 60-day extension of time to file her reply brief in support of the motion for preliminary injunction; at the same time, the Court set the Scheduling Conference in this case for August 24, 2010, and ordered that the parties participate in a conference pursuant to Fed. R. Civ. P. 26(f) on or before August 3, 2010. (Docket #32.)

Defendant timely filed a proposed Scheduling Order informing the Court that, despite attempts to obtain Plaintiff's input, defense counsel was unable to do so. Defense counsel appeared at the Scheduling Conference on August 24, 2010 and informed the Court that Plaintiff did not participate in the required Rule 26(f) conference and provided no input in the proposed Scheduling Order. Defense counsel stated that she had been in contact with the Plaintiff by email regarding a related case, but had no communication from Plaintiff about the present case.

Thereafter, Defendant filed the present motion seeking $550.00 in attorney's fees as a sanction against the Plaintiff for her failures to participate in the Rule 26(f) conference and to appear for the Scheduling Conference. Plaintiff responds that she requires "reasonable accommodation" for her "traumatic brain injury" in the form of "additional time to respond to pleadings, real time reporting, and an assistant to interpret defense pleadings." (Docket #38 at 1-2.) Plaintiff argues that

2

federal courts are required to provide reasonable accommodations to persons with communications disabilities by "provid[ing] appropriate auxiliary aids and services at no charge to persons suffering from a disability." (*Id.* at 2.) Moreover, Plaintiff contends that Colorado law prohibits the assessment of attorney's fees against a *pro se* party. (*Id.* at 3.)

## II. Legal Standard

District courts may make discovery schedules and set deadlines (*see* Fed. R. Civ. P. 16(b)), and sanction attorneys and/or parties who disregard such discovery orders. Fed. R. Civ. P. 16(f). "In any action, the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences ... ." Fed. R. Civ. P. 16(a).

Rule 16(f) provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), [i]f a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate – or does not participate in good faith – in the conference; or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). "Instead of or in addition to any other sanction, the court *must* order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2) (emphasis added).

## III. Analysis

The Plaintiff does not dispute that she failed to participate in the Rule 26(f) conference and failed to appear at the August 24, 2010 Scheduling Conference; thus, she failed to comply with this Court's July 28, 2010 order. According to Rule 16(f), the Court must assess attorney's fees against the Plaintiff unless she demonstrates her noncompliance is substantially justified or other

3

circumstances make an award of fees unjust.

Plaintiff contends that she needs "reasonable accommodations" in the form of "additional time to respond to pleadings, real time reporting, and an assistant to interpret defense pleadings."[1] Even if true, the Plaintiff, a lawyer proceeding in this action *pro se*, does not explain how the lack, if any, of such accommodations justifies her absence from the Rule 26(f) meeting and Scheduling Conference. Nor does the Plaintiff explain why she was unable to contact opposing counsel or seek relief from the Court regarding her absences. Therefore, the Court finds that Plaintiff has failed to demonstrate a substantial justification for her failures to comply with this Court's July 28, 2010 order.

Furthermore, the Plaintiff describes no circumstances that would make an award of fees unjust. She is not proceeding *in forma pauperis* in this case and her filings to date indicate that she has a firm grasp of the facts and issues in this case, that she is capable of presenting the case, and has presented her claims adequately. Moreover, the Plaintiff is currently proceeding in two additional cases against the Defendant in this court, 04-cv-01619-LTB-MEH and 10-cv-01355-REB-MEH, indicating that Plaintiff has the means and resources to litigate her claims.

Because the Plaintiff has failed to demonstrate a substantial justification or special circumstances, the Court finds that it must award attorney's fees as a sanction for Plaintiff's failures to participate in and attend the Scheduling Conference pursuant to Rule 16(f) of the Federal Rules of Civil Procedure, which governs this matter. *See Lillie v. United States*, 40 F.3d 1105, 1110 (10th Cir. 1994) (compensatory attorney's fees are a mandatory component of the sanction unless

---

[1] The Plaintiff attaches to her response an "Attending Physician's Statement" dated August 17, 2010. The Statement relates to Plaintiff's ability to work, but mentions nothing about the Plaintiff's ability to prosecute this action.

expressly excepted for specified reasons).

The Plaintiff does not challenge the reasonableness of the Defendant's requested sanction of $550.00. Defendant contends that its counsel charges a fee of $275.00 per hour and spent two hours preparing for and attending the Scheduling Conference, at which the Plaintiff failed to appear. The Court notes that the conference itself lasted approximately five minutes. (*See* docket #34.) Also, a proposed Scheduling Order may be prepared by a form provided by the court on its website. Thus, the Court finds reasonable <u>one</u> hour for Defendant's travel and attendance at the August 24, 2010 Scheduling Conference. The Plaintiff shall pay to the Defendant its attorney's fees in the amount of $275.00 on or before September 30, 2010, and shall file with the Court a certificate of compliance with this order.

### IV.    Conclusion

Accordingly, for the reasons stated above, the Court **GRANTS** Defendant's Motion for Sanctions Due to Plaintiff's Failure to Appear [filed August 24, 2010; docket #35] and further **ORDERS** the following:

(1)    **On or before September 30, 2010**, the Plaintiff shall pay to the Defendant the sum of $275.00 as a sanction for her failures to participate in the Rule 26(f) conference and to appear at the August 24, 2010 Scheduling Conference;

(2)    The Plaintiff shall file with the Court a certificate of compliance with this order; and

(3)    A Scheduling Conference is hereby set in this case for **Monday, September 20, 2010 at 9:00 a.m.**[2] in Courtroom 203 on the second floor of the Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado. All other aspects

---

[2]The parties are scheduled to attend a Scheduling Conference before this Court at 9:15 a.m. the same day in Civil Action 10-cv-01355-REB-MEH.

of the Court's July 28, 2010 order regarding scheduling in this case (with the exception of the Rule 26(f) meeting) remain in effect. <u>If the Plaintiff fails to appear for this conference, the Court will recommend dismissal of the case for Plaintiff's failure to prosecute.</u>

Dated at Denver, Colorado, this 7th day of September, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge