IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00912-REB-MEH

TINA GARCIA,

    Plaintiff,

v.

BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA,

    Defendant.

---

**RECOMMENDATION TO DISMISS THIS CASE WITHOUT PREJUDICE
FOR FAILURE TO PROSECUTE**

---

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte*, due to Plaintiff's failure to respond to the Court's second Order to Show Cause, failure to appear at the Status Conference held on October 7, 2010, failure to participate in the preparation of the Scheduling Order, and failure to timely submit Rule 26(a) disclosures to the Defendant. For the reasons stated below, the Court recommends this case be **dismissed without prejudice**, and Plaintiff's Motion for Preliminary Injunction [filed April 22, 2010; docket #5] be **denied as moot**.[1]

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F.

**I.      Background**

The Plaintiff is proceeding *pro se* in this matter. On July 28, 2010, the Court set the Scheduling Conference in this case for August 24, 2010, and ordered that the parties participate in a conference pursuant to Fed. R. Civ. P. 26(f) on or before August 3, 2010. (Docket #32.) Defendant timely filed a proposed Scheduling Order informing the Court that, despite attempts to obtain Plaintiff's input, defense counsel was unable to do so. (Docket #33.) Plaintiff failed to appear at the Scheduling Conference on August 24; however, defense counsel appeared and informed the Court that Plaintiff did not participate in the required Rule 26(f) conference and provided no input in the proposed Scheduling Order. Defense counsel stated that she had been in contact with the Plaintiff by email regarding a related case, but had no communication from Plaintiff about the present case.

On September 7, 2010, the Court set another Scheduling Conference in this matter for September 20, 2010. (Docket #40.) Both parties appeared; the Court set discovery and other deadlines in this case and instructed the Plaintiff that she must meet with defense counsel after the conference to discuss preparing the final Scheduling Order, including the addition of Plaintiff's statements regarding her claims, damages and any undisputed facts. (*See* docket #42.)

On September 24, 2010, Defendant filed a Status Report informing the Court that Plaintiff had not completed her portion of the Scheduling Order and had indicated that she needed additional time to do so. (Docket #43.) Upon notice that the amended proposed Scheduling Order still had not been filed on October 4, 2010, the Court set a Status Conference for October 7, 2010. (Docket #45.) Two days later, Plaintiff filed a motion to vacate the Status Conference;[2] the Court denied the

---

App'x 381, 382-83 (10th Cir. 2009).

[2]Although the Plaintiff is proceeding *pro se*, it appears from the docket sheet that Plaintiff receives notices of electronic filings in this case by email, rather than by mail.

2

motion, but permitted the Plaintiff to appear by telephone. (Dockets #46, #48.)

The Plaintiff failed to appear at the October 7, 2010 Status Conference. This is the second time the Plaintiff has failed to appear for a court-ordered conference. Defense counsel informed the Court that, while it had submitted its initial disclosures in accordance with Fed. R. Civ. P. 26(a) and the deadline discussed at the conference, the Plaintiff had not done so. Plaintiff's failure to participate in this process has prevented the Court from entering a final Scheduling Order in this matter. Thus, the Court issued an Order to Show Cause, the second in this lawsuit, instructing Plaintiff to show cause in writing no later than October 12, 2010, why this Court should not recommend dismissal of this case for Plaintiff's failure to prosecute the action. Plaintiff did not respond to the second Order to Show Cause, to date.

## II. Discussion

Although Plaintiff is proceeding in this case without an attorney, she bears the responsibility of prosecuting this case with due diligence. The Court must liberally construe *pro se* filings; however, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). Plaintiff was ordered to appear at the Status Conference held on October 7, 2010, to participate in the preparation of the Scheduling Order, to timely submit Rule 26(a) disclosures to the Defendant, and to respond to the second Order to Show Cause. Plaintiff failed to comply with any of these directives.

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Federal Rule of Civil Procedure 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id. See also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that

3

the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). *See also Hawkinson v. Montoya*, 283 F. App'x 659, at *2 n.2 (10th Cir. 2008) (unpublished) (citing *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007)).

When evaluating grounds for dismissal of an action, the Court looks to the following *Ehrenhaus* factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; … (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).

Regarding the first factor, Plaintiff's failure to appear at court-ordered conferences, to participate in the preparation of the Scheduling Order, and to timely submit Rule 26(a) disclosures to the Defendant substantially and adversely affects Defendant's proceeding in this matter. Plaintiff's actions have impeded the Court's ability to enter an effective schedule in this case, which in turn impedes the Court from reaching a fair and just conclusion of Plaintiff's claims. In satisfaction of the second factor, Plaintiff's non-compliance with the judicial process by failing to comply with the Court's orders flouts the Court's authority, similar to the Tenth Circuit's determination in *Ehrenhaus*. Additionally, Plaintiff's persistent failure to comply with the Court's orders compels the Court's continuous monitoring of this matter and unnecessary issuance of orders, which increases the workload of the Court and interferes with the administration of justice.

In evaluating the third factor, the Court expressly ordered Plaintiff to respond to the second Order to Show Cause, to appear at court-ordered conferences, to participate in the preparation of the Scheduling Order, and to timely submit Rule 26(a) disclosures. The record of Plaintiff's failure to

4

comply with the Court's orders leads the Court to believe Plaintiff is culpable under these circumstances. Furthermore, the warnings in the Court's orders at dockets ##37, 40, 42, and 50 gave Plaintiff notice that claims could be dismissed as a result of her failure to prosecute, in satisfaction of the fourth factor.

In considering the fifth factor regarding efficacy of lesser sanctions, the Court recommends dismissal without prejudice. Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort," particularly in *pro se* cases. *Ehrenhaus*, 965 F.2d at 920. *See also Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. 2007) (remanding dismissal with prejudice for determination of willfulness); *Cosby v. Meadors*, 351 F.3d 1324, 1334 (10th Cir. 2003) ("We caution, however, that our review of Plaintiff's egregious misconduct should not be interpreted as suggesting that equally egregious misconduct is necessary to justify dismissal with prejudice.").

The Court emphasizes that it is accustomed to working with parties and lawyers and compensating for difficulties in their private lives, and specifically in this case has indicated its desire to accommodate Plaintiff through extensions of time or other means. But it is the Court's duty to move litigation forward, as a service to the parties before it and to the public interest. Plaintiff has failed to prosecute this case with due diligence by failing to respond to the second Order to Show Cause, to appear at court-ordered conferences, to participate in the preparation of the Scheduling Order, to timely submit Rule 26(a) disclosures, and even to engage in the simple courtesy of communicating to opposing counsel and the Court her desire to continue with this lawsuit. These are tasks which are not inconsistent with Plaintiff's alleged limitations. For these reasons, dismissal without prejudice of this action is warranted.

**III.    Conclusion**

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), the Court hereby **RECOMMENDS** that the District Court **dismiss without prejudice** this case for Plaintiff's failure to prosecute this action, and that Plaintiff's Motion for Preliminary Injunction [filed April 22, 2010; docket #5] be **denied as moot**.

Dated this 14th day of October, 2010, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge